UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:93cr167-02-MU

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| RICHARD DONELL HERRON | ) | |
| Defendant. | ) | |

**THE MATTER** before the Court is whether the Defendant, Richard Donell Herron, is entitled to a sentence reduction by virtue of Amendment 706 of the Sentencing Guidelines. The applicable statute authorizes such reduction if the original sentence was "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The original guideline range for Mr. Herron, with a Total Offense Level of 37 and a Criminal History of Category I, was 210 to 262 months, subject to a mandatory minimum sentence of 240 months and a consecutive sentence of 60 months. At his sentencing hearing the government moved, on the basis of Herron's substantial assistance, to authorize the Court to depart downward from the statutory minimum sentences. Exercising that authority, this Court sentenced Herron to 150 months with a consecutive 60 months. Under the amended guidelines, Herron's Total Offense Level would drop from 37 to a 35.

The government argues that Herron's sentence was determined by a deviation from the mandatory minimum, not by the sentencing guidelines. However, the government's motion for downward departure permitted this Court to impose a sentence below the statutory minimum.

Therefore, the mandatory minimum no longer constituted the bottom of the guideline range and in determining the appropriate sentence reduction below the mandatory minimum, this Court took into account, among other factors, the actual guideline range which would have been applicable but for the mandatory minimum. Herron's actual sentence of 210 months, at least to some extent, was influenced by and "based [in part] on a sentencing range that has been subsequently lowered" within the meaning of 18 U.S.C. § 3582(c)(2).

Based on the amended guideline range, this Court will impose an amended sentence that is in proportion to the current sentence. The Court hereby sentences Mr. Herron to **time served plus ten days**. Accordingly,

1. Defendant's motion to reduce sentence is GRANTED.
2. Defendant's motion to rescind order is GRANTED
3. Defendant's motion to brief is DENIED as moot.

IT IS SO ORDERED.

Signed: July 31, 2008

Graham C. Mullen
United States District Judge